IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MIRAMAR PETROLEUM, INC. | § | |
| *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| THE FIRST LIBERTY INSURANCE CORPORATION and COMMERCE & INDUSTRY INSURANCE COMPANY | § § § § § | |
| *Defendants* | § § | |

**DEFENDANT COMMERCE & INDUSTRY INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Commerce & Industry Insurance Company (hereinafter "CIIC" or "Defendant"), Defendant in the above-styled cause appearing by and through the assistance of the undersigned counsel of record, and without waiving any of its rights or defenses, hereby gives notice of removal of this case from the 135th Judicial District Court of Jackson County, Texas to the United States District Court for the Southern District of Texas, Victoria Division. In support thereof, Defendant respectfully shows the Honorable Court as follows:

# I.
# INTRODUCTION

1.1   Plaintiff, Miramar Petroleum, Inc. (hereinafter "Plaintiff" or "Miramar") filed its state court action against Defendant in Jackson County, Texas on March 31, 2015.[1] The

---

[1] *See* Plaintiff's Original Petition, a copy of which is attached as Exhibit C-1.

case was docketed as Cause No. 15-3-14868; *Miramar Petroleum, Inc. v. The First Liberty Insurance Corporation and Commerce & Industry Insurance Company*, and assigned to the 135th Judicial District Court.[2] The State Court Action is a declaratory judgment lawsuit seeking a determination of the defendants' duties to defend and indemnify Miramar from counterclaims asserted in an underlying lawsuit filed in the 267th Judicial District Court of Jackson County, Texas. Miramar does not specifically identify the underlying lawsuit by cause number, but based on Miramar's description, Defendant believes the underlying lawsuit to be Cause No. 13-6-14449, in the 267th Judicial District Court of Jackson County, Texas, styled *Miramar Petroleum, Inc. v. Nicklos Drilling Co., et al.* (the "Underlying Lawsuit"). Plaintiff seeks damages for alleged breach of an insurance contract, for Defendant's alleged violations of the Texas Insurance Code, and for declaratory judgment.

1.2   Defendant was served with Plaintiff's Original Petition on April 7, 2015. Accordingly, Defendant is timely filing its Notice of Removal within thirty days after service and receipt of the Original Petition in accordance with 28 U.S.C. § 1446(b). The one-year deadline under 28 U.S.C. § 1446(c) has not elapsed.

1.3   Plaintiff made no jury demand in its Original Petition.

## II.
## THE PARTIES

2.1   Plaintiff has alleged that it is a Texas corporation with its principal place of business in Corpus Christi, Texas.[3]

2.2   Defendant CIIC is a corporation incorporated under the laws of the State of New York, having its principal place of business now and at the time this action was

---

[2] *Id.* From this point forward, Defendant refers to this matter as the "State Court Action."
[3] *Id.* at 2.

commenced in New York, New York. As a result, CIIC is a citizen of New York.[4] Plaintiff failed to allege CIIC's State of citizenship.

2.3   Defendant The First Liberty Insurance Corporation ("First Liberty") is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced in Boston, Massachusetts. As a result, First Liberty is a citizen of Illinois and Massachusetts. Plaintiff failed to allege First Liberty's State of citizenship.

## III.
## BASIS FOR REMOVAL

### A.   Removal Standard - Diversity

3.1   28 U.S.C. § 1332(a) confers original jurisdiction over any civil matter which is between citizens of different states and involves an amount in controversy which exceeds $75,000, exclusive of interest and costs. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending. *See* 28 U.S.C. § 1441(a).

3.2   With regard to determining whether or not diversity jurisdiction is present, citizenship is determined at the time the state court suit was filed. *See Smith v. Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

3.3   Diversity jurisdiction depends upon a showing of complete diversity, which means that none of the plaintiffs may be a citizen of the same state as one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Nelson v. St.*

---

[4] Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

*Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995). Plaintiff asserts it is a citizen of Texas. CIIC is now and at the time this action was commenced a citizen of New York. First Liberty is now and at the time this action was commenced a citizen of Massachusetts and Illinois. As a result, there is complete diversity among the parties and removal is appropriate on the basis of diversity jurisdiction.

**B.  Amount in Controversy Exceeds $75,000**

3.4  The amount in controversy requirement is satisfied because the value of the object of the litigation – insurance benefits – exceeds the jurisdictional amount, $75,000. The instant action is an insurance coverage action seeking, among other things, a determination of First Liberty's duties to defend and indemnify Miramar against counterclaims asserted against Plaintiff in the Underlying Lawsuit. Plaintiff's Original Petition alleges First Liberty insured Plaintiff under a commercial general liability policy issued to Nicklos Drilling Company. Plaintiff's petition also alleges that the counterclaims against Plaintiff are likely to exceed First Liberty's policy, and therefore, Plaintiff includes CIIC, which issued an umbrella policy to Nicklos, in the instant lawsuit. Miramar's petition seeks insurance coverage in the Underlying Lawsuit on behalf of Miramar.

3.5  Plaintiff's Original Petition states that "Plaintiff seeks monetary relief in an amount greater than $1,000,000.00."[5] Therefore, removal is proper here because the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a).

---

[5] Pl.'s Orig. Pet. at 1, ¶ 3.

## IV.
## JURISDICTION & VENUE

4.1 The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.2 Venue is appropriate in the Southern District of Texas, Division of Victoria under 28 U.S.C. § 1441(a) because this district and division encompasses Jackson County where the State Court Action is pending.

## V.
## REQUIRED DOCUMENTS

5.1 Pursuant to 28 U.S.C. 1446(a) and Rule 81 of the Local Rules of the Southern District of Texas, Defendant attaches hereto copies of all pleadings, process, orders, and other filings in the State Court Action as well as the State Court Action's docket sheet.[6] The pleadings, process, orders, other filings, and docket sheet from the State Court Action are identified in the Index of Matters Being Filed with Removal which appears as Exhibit A.

5.2 Pursuant to Rule 81(6) of the Local Rules of the Southern District of Texas, Defendant attaches hereto a List of All Counsel of Record.[7]

## VI.
## CONSENT OF ALL DEFENDANTS

6.1 Defendant First Liberty has consented to, and joins in, the removal of this action from the Jackson County, Texas District Court to the United States District Court for the Southern District of Texas, Victoria Division.[8]

---

[6] *See* attached Exhibits B & C.
[7] *See* attached Exhibit D.
[8] *See* Defendant First Liberty's Joinder In and Consent to Removal attached as Exhibit E.

## VII.
## REQUIRED NOTICE

7.1     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide notice to all adverse parties and will file a copy of this Notice of Removal with the Jackson County District Clerk's Office.

## VIII.
## CONCLUSION

WHEREFORE, because there is complete diversity between the parties to this suit, and because the amount in controversy exceeds $75,000, Defendant hereby removes all further proceedings in this action to the United States District Court for the Southern District of Texas, Victoria Division, and respectfully requests that this Court assume full jurisdiction in this action as provided by law.  Defendant asks for all further relief to which it may show itself entitled in law or in equity.

Respectfully submitted, this the 5th day of May, 2015,

**BROWN SIMS, P.C.**

By: _____
Mark C. Clemer
Attorney-in-Charge
Texas Bar No. 04372300
Federal ID. No. 7662
1177 West Loop South, Tenth Floor
Houston, Texas  77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
mclemer@brownsims.com

**COUNSEL FOR DEFENDANT
COMMERCE & INDUSTRY INSURANCE
COMPANY**

**Of Counsel:**

James D. "J.D." Johnson
BROWN SIMS, P.C.
Texas Bar No. 24085918
S.D. Tex. Bar No. 2218215
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
jjohnson@brownsims.com

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the foregoing pleading has been sent via U.S. certified mail, return receipt requested, and facsimile to the following counsel of record on this the 5th day of May, 2015:

| | |
|---|---|
| William M. Clanton<br>LAW OFFICE OF BILL CLANTON, P.C.<br>926 Chulie Dr.<br>San Antonio, Texas 78216<br>Phone: (210) 226-0800<br>Fax: (210) 338-8660<br>*Counsel for Plaintiff* | Catherine L. Hanna<br>HANNA & PLAUT, L.L.P.<br>Southwest Tower<br>211 East 7th Street, Suite 600<br>Austin, Texas 78701<br>Phone: (512) 472-7700<br>Fax: (512) 472-0205<br>*Counsel for Defendant First Liberty* |

                                        /s/ James D. Johnson
                                        James D. "J.D." Johnson