CAUSE NO. _15-3-14868_

| | | |
|---|---|---|
| MIRAMAR PETROLEUM, INC. | § | IN THE DISTRICT COURT |
| | § | |
| V | § | _135th_ JUDICIAL DISTRICT |
| | § | |
| THE FIRST LIBERTY INSURANCE CORPORATION AND COMMERCE & INDUSTRY INSURANCE COMPANY | § § § § | JACKSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff, Miramar Petroleum, Inc, and files this original petition complaining of The First Liberty Insurance Corporation and alleges as follows:

### Discovery Level

1. Plaintiff intends to conduct discovery under Level 2 per Texas Rule of Civil Procedure 190.3.

### Jurisdiction and Venue

2. Venue is proper in Jackson County, Texas as this is where the acts or omissions giving rise to Miramar's claims occurred.

### Statement of Claim

3. Plaintiff seeks monetary relief in an amount greater than $1,000,000.00.

### Parties

Filed _March 31, 2015_ At _11:30_ AM/PM
SHARON MATHIS
Clerk District Court
Jackson County, Texas
By _[signature]_ Deputy

EXHIBIT C-1

Page 1 of 7

4. Plaintiff, Miramar Petroleum, Inc. ("Miramar") is a Texas Corporation with its principal office in Corpus Christi, Texas.

5. Defendant, The First Liberty Insurance Corporation is a foreign corporation authorized to transact insurance business in Texas. First Liberty may be served by serving is registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant, Commerce & Industry Insurance Company, is a foreign corporation authorized to transact insurance business in Texas. Commerce & Industry may be served by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**Factual Allegations**

7. Miramar Petroleum is an independent oil and gas exploration company with decades of experience in South Texas. In March of 2013 Miramar hired Nicklos Drilling Company ("Nicklos") to drill a well in Jackson County, Texas. Nicklos and Miramar entered into an industry standard daywork drilling contract. Operations on the well did not go as planned. The well was lost leaving Nicklos' drill pipe stuck in the earth and requiring a new well to be drilled in order to access the targeted reserves.

8. The industry standard daywork drilling contract contains numerous risk shifting provisions. In order to cover the risks shifted by the

contract both Miramar and Nicklos were required take out sufficient insurance to cover potential losses. Miramar and Nicklos further agreed to name each other as additional insureds on their respective policies. As part of these risk shifting obligations, Miramar agreed to assume liability for damage to or loss of Nicklos' in-hole equipment, including Nicklos' drill pipe.

9. Nicklos purchased a commercial general liability policy from The First Liberty Insurance Corporation effective from March 1, 2013 to March 1, 2014. This policy provided for general liability insurance and included an oil and gas additional insured endorsement and an additional insured endorsement. Combined with the industry standard daywork drilling contract this additional insured endorsement makes Miramar an insured under the First Liberty policy.

10. Nicklos also purchased an umbrella policy from defendant Commerce & Industry Insurance Company effective from March 1, 2013 to March 1, 2014. This policy provided coverage for damages exceeding the coverage contained in the First Liberty policy. As Nicklos' claims are likely to exceed the First Liberty policy, Miramar includes Commerce & Industry.

11. Drilling in Jackson County began on April 1, 2013. On April 15, 2013, shortly after the well reached 8,600 feet, the well blew out. After the loss of the well, Miramar filed suit against Nicklos in the

267th District Court in Jackson County, Texas. Nicklos counterclaimed for the lost drill pipe, unpaid invoices, and attorney's fees. Later, Nicklos filed a no evidence motion for summary judgment against Miramar. Based in contractual indemnity and risk shifting provisions, the 267th Court granted a take nothing judgment against Miramar. Nicklos then filed a traditional motion for summary judgment on its counterclaims, which, as of this filing, is still pending.

12. After speaking with First Liberty about Nicklos' claims by phone, Miramar formally submitted is claim April 14, 2014. In May 2014 First Liberty denied Miramar's claim and requested Miramar forward it any further "suits or claims." On October 27, 2014 Miramar sent First Liberty a second claim letter, making a claim under a separate and distinct theory from the April claim. As Nicklos' claims are likely to exceed the Liberty Mutual policy, Miramar also sent Commerce & Industry a letter dated October 27, 2014 notifying it of Miramar's claims. As of the date of this filing neither First Liberty nor Commerce & Industry have responded to Miramar's October claim letters.

**First Claim for Relief – Declaratory Judgment**

13. Miramar seeks a declaration of the rights and duties of the parties under the First Liberty insurance contract under the Uniform

Declaratory Judgments Act. Specifically, Miramar seeks a declaration that First Liberty has a duty to defend against the counterclaims asserted in the Jackson County lawsuit and to indemnify Miramar in connection with any judgment that may be rendered in that suit.

**Second Claim for Relief – Breach of Contract**

14. First Liberty has breached the insurance contract by failing to and refusing to defend Miramar against the claims asserted in Nicklos' counterclaims. First Liberty's breach damages Miramar because First Liberty has failed to pay the legal fees and expenses incurred to defend against Nicklos' counterclaims. These fees are ongoing and increasing.

**Third Claim for Relief – Violations of the Texas Insurance Code**

15. First Liberty and Commerce & Industry have violated the Texas Insurance Code § 542.051 – 542.061 by failing to accept or reject Miramar's October claims. If the May denial letter is construed as a request for more information, First Liberty has violated Texas Insurance Code § 542.051 – 542.061 by failing to timely accept or reject this claim after receiving more information. As a result, per Texas Insurance Code § 542.060 Miramar is entitled to recover the amount of its claim, its attorney's fees, and eighteen percent interest.

**Attorney's Fees**

16. Miramar presented its claim more than 30 days before filing this suit. Accordingly, Miramar seeks to recover its reasonable and necessary attorneys fees under Chapter 38 of the Texas Civil Practice & Remedies Code. Miramar also seeks to recover its reasonable and necessary attoreys' fees under Civil Practice & Remedies Code § 37.009 and the Texas Insurance Code.

**Relief Sought**

17. Miramar seeks the following relief:
    a. Declaratory judgment declaring that First Liberty has a duty under the insurance policy to defend and indemnify Miramar Petroleum against Nicklos' counterclaims and any adverse judgment that may occur in connection with said counterclaims;
    b. Judgment against First Liberty for the attorney's fees and other costs incurred defending against the Nicklos counterclaims;
    c. Judgment against First Liberty for its violations of the Texas Insurance Code;
    d. Judgment against First Liberty for Miramar's reasonable and necessary attorney's fees incurred in connection with this suit;

e. Prejudgment and post-judgment interest at the highest rates permitted by law;

f. Costs of court; and

g. Such other and further relief, general or special, at law or in equity to which Miramar Petroleum may be entitled.

Respectfully Submitted,

William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, TX 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com