IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MIRAMAR PETROLEUM, INC. | § § § § | |
| *Plaintiff* | | |
| v. | § | CIVIL ACTION NO. 6:15-cv-28 |
| THE FIRST LIBERTY INSURANCE CORPORATION and COMMERCE & INDUSTRY INSURANCE COMPANY | § § § § § § | |
| *Defendants* | § | |

## DEFENDANT COMMERCE & INDUSTRY INSURANCE COMPANY'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, Commerce & Industry Insurance Company (hereinafter "CIIC" or "Defendant"), pursuant to Federal Rule of Civil Procedure 15(a), and files its First Amended Answer to Plaintiff Miramar Petroleum, Inc.'s ("Miramar") Original Petition ("Petition"), and answers as follows:

### Discovery Level

1. The allegations in Paragraph 1 of the Complaint do not require a response. Discovery will be conducted pursuant to the Federal Rules of Civil Procedure and the Court's discovery control plan.

### Jurisdiction and Venue

2. CIIC denies that the 135th Judicial District Court of Jackson County, Texas has jurisdiction in this case. CIIC admits that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

### Statement of Claim

3. CIIC admits that Plaintiff alleges it seeks monetary relief in an amount greater than $1,000,000.00 in its Petition. CIIC denies that Plaintiff is entitled to the relief it seeks.

### Parties

4. CIIC admits the allegations contained in Paragraph 4 of the Petition.

5. CIIC admits that Defendant The First Liberty Insurance Corporation is an Illinois corporation with its principal place of business in Massachusetts. CIIC denies the remaining allegations contained in Paragraph 5 of the Petition for want of knowledge or information sufficient to form a belief as to their truth.

6. CIIC admits that it is a New York corporation with its principal place of business in New York.

### Factual Allegations

7. CIIC denies the allegations contained in Paragraph 7 of the Complaint for want of knowledge or information sufficient to form a belief as to their truth.

8. CIIC denies the allegations contained in Paragraph 8 of the Complaint for want of knowledge or information sufficient to form a belief as to their truth.

9. CIIC denies the allegations contained in Paragraph 9 of the Complaint for want of knowledge or information sufficient to form a belief as to their truth.

10. CIIC admits that it issued a Commercial Umbrella Liability Policy, number BE 013226405, to Nicklos Drilling Company ("Nicklos"), with the policy period from

March 1, 2013 to March 1, 2014. CIIC denies the remaining allegations contained in Paragraph 10 of the Petition for want of knowledge or information sufficient to form a belief as to their truth.

11. CIIC admits that Miramar filed a lawsuit against Nicklos in the 267th Judicial District Court of Jackson County, Texas and that Nicklos filed counterclaims against Miramar. CIIC denies the remaining allegations contained in Paragraph 11 of the Petition for want of knowledge or information sufficient to form a belief as to their truth.

12. CIIC admits that Miramar's attorney William M. Clanton sent correspondence dated October 27, 2014. CIIC admits that the correspondence enclosed a copy of another correspondence dated October 27, 2014, purportedly sent to Liberty Mutual Insurance. Plaintiff attempts to characterize the content of the correspondence without attaching a copy to the Petition. CIIC asserts the correspondence dated October 27, 2014 speaks for itself. To the extent the allegations in Paragraph 12 of the Petition are inconsistent with that document, CIIC denies the allegations. CIIC denies the remaining allegations contained in Paragraph 12 of the Petition for want of knowledge or information sufficient to form a belief as to their truth.

### First Claim for Relief – Declaratory Judgment

13. The allegations in Paragraph 13 of the Petition consist of statements of Miramar's litigation positions and legal conclusions, to which no response is required. Further, the statements in Paragraph 13 of the Petition do not consist of allegations against CIIC to which a response is required. To the extent that a response is required, CIIC denies the allegations. CIIC denies that Miramar is entitled to the relief it seeks.

### Second Claim for Relief – Breach of Contract

14. The statements in Paragraph 14 of the Petition do not consist of allegations against CIIC to which a response is required. To the extent that a response is required, CIIC denies the allegations. CIIC denies that Miramar is entitled to the relief it seeks.

### Third Claim for Relief – Violations of the Texas Insurance Code

15. CIIC denies the allegations contained in Paragraph 15 of the Petition. CIIC denies that Miramar is entitled to the relief it seeks.

### Attorney's Fees

16. CIIC denies the allegations contained in Paragraph 16 of the Petition. CIIC denies that Miramar is entitled to the relief it seeks.

### Relief Sought

17. The statements in Paragraph 17, and each subparagraph a. through g., of the Petition do not consist of allegations against CIIC to which a response is required. To the extent that a response is required, CIIC denies the allegations. CIIC denies that Miramar is entitled to the relief it seeks.

18. CIIC denies each and every allegation contained in the Petition not expressly admitted herein.

### AFFIRMATIVE DEFENSES

### First Defense

The Petition fails to state a claim upon which relief can be granted.

### Second Defense

CIIC does not owe a duty to defend or indemnify Miramar.

### Third Defense

CIIC affirmatively pleads that Miramar's claims are barred in whole or in part by the terms, exclusions, conditions and other limitations contained in CIIC's policy and/or the underlying policy.

### Fourth Defense

CIIC affirmatively pleads that Miramar has not complied with all the terms of CIIC's policy and/or the underlying policy as a condition precedent to bringing suit.

### Fifth Defense

CIIC affirmatively pleads that Miramar has not shown contractual language within CIIC's policy providing coverage to Miramar.

### Sixth Defense

CIIC affirmatively pleads that Miramar has not shown a loss within the layer of coverage provided by CIIC's policy.

### Seventh Defense

CIIC affirmatively pleads that the underlying policy underlying CIIC's policy has not been exhausted by payment of covered claims.

### Eighth Defense

CIIC affirmatively pleads that Miramar's Chapter 542 of the Texas Insurance Code claims are without merit because CIIC's position regarding coverage is reasonable pursuant to the language of CIIC's policy.

### Ninth Defense

CIIC affirmatively pleads that Miramar has not made a claim upon which coverage is reasonably clear.

WHEREFORE, PREMISES CONSIDERED, Defendant Commerce & Industry Insurance Company respectfully requests that it have judgment on its behalf that Plaintiff takes nothing, dismissing all of Plaintiff's claims and causes of action with prejudice, and that CIIC have such other and further relief, both general and special, at law or in equity, to which it is justly entitled.

Respectfully submitted, this the 1st day of June, 2015,

                 **BROWN SIMS, P.C.**

By:  /s/ Mark C. Clemer
       Mark C. Clemer
       Attorney-in-Charge
       Texas Bar No. 04372300
       Federal ID. No. 7662
       1177 West Loop South, Tenth Floor
       Houston, Texas  77027-9007
       Telephone: (713) 629-1580
       Facsimile: (713) 629-5027
       mclemer@brownsims.com

**COUNSEL FOR DEFENDANT COMMERCE & INDUSTRY INSURANCE COMPANY**

**Of Counsel:**

James D. "J.D." Johnson
BROWN SIMS, P.C.
Texas Bar No. 24085918
S.D. Tex. Bar No. 2218215
1177 West Loop South
Tenth Floor
Houston, Texas  77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027

*jjohnson@brownsims.com*

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the foregoing pleading has been sent to all counsel of record via the Court's ECF system on this the 1st day of June, 2015:

| | |
|---|---|
| William M. Clanton<br>LAW OFFICE OF BILL CLANTON, P.C.<br>926 Chulie Dr.<br>San Antonio, Texas 78216<br>Phone: (210) 226-0800<br>Fax: (210) 338-8660<br>*Counsel for Plaintiff* | Catherine L. Hanna<br>HANNA & PLAUT, L.L.P.<br>Southwest Tower<br>211 East 7th Street, Suite 600<br>Austin, Texas 78701<br>Phone: (512) 472-7700<br>Fax: (512) 472-0205<br>*Counsel for Defendant First Liberty* |

                                                  /s/ James D. Johnson
                                                  James D. "J.D." Johnson