IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MIRAMAR PETROLEUM, INC., | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-15-0028 |
| | § | |
| THE FIRST LIBERTY INSURANCE | § | |
| CORPORATION AND COMMERCE | § | |
| & INDUSTRY INSURANCE | § | |
| COMPANY, | § | |
|     Defendants | § | |

**DEFENDANT THE FIRST LIBERTY INSURANCE CORPORATION'S REPLY TO PLAINTIFF MIRAMAR PETROLEUM, INC.'S RESPONSE TO LIBERTY'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE:

    Defendant The First Liberty Insurance Corporation ("Liberty") files this Reply to Plaintiff Miramar Petroleum, Inc.'s Response to Liberty's Motion for Summary Judgment, respectfully showing:

**I.
SUMMARY OF REPLY**

    Miramar's response, like its own motion for summary judgment, misconstrues the meaning of "mutual indemnity agreement" and the reciprocal indemnity obligations the parties undertook in the standard Daywork Drilling Contract ("DDC"). The DDC requires each party to support the indemnity and release obligations it assumes as indemnitor with liability insurance and name the indemnified party as an additional insured on that insurance for the indemnitee's supplemental protection. The DDC does not obligate the parties to indemnify each other for the liabilities they assume or add each other as general, unrestricted additional insureds on their own insurance policies.

Miramar's construction of the DDC and the additional-insured provision of Liberty's Policy issued to Nicklos is patently unreasonable.

## II.
## ARGUMENT AND AUTHORITIES

### A. The indemnity agreements in the DDC are mutual, not circular.

Miramar concedes that it is an additional insured under Liberty's policy only to the extent of Nicklos's indemnity obligations under the DDC but misconstrues the nature of the parties' indemnity obligations:

> Paragraph 13 of the [DDC] requires the parties to name each other as additionally insured to the extent of the indemnity obligations. Because Nicklos and Miramar *mutually indemnify one another for each item in paragraph 14, except possibly 14.1, they are each other's additional insured.*

Miramar's Response [Doc. 19] ¶ 13. Thus, Miramar appears to contend that the indemnity agreements require the parties to indemnify each other for "each item" despite the enumerated paragraphs assigning responsibility for the various types of loss to one party or the other. Miramar misapprehends the meaning of "mutual indemnity."

The purpose of an indemnity agreement, as opposed to a release, is to protect the indemnitee against the claims of third parties other than the indemnitor. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 130-31 & n.8 (Tex. App.–Houston [1st Dist.] 2002, pet. denied) (noting that an indemnity agreement is "meaningless" when only the other contracting party could have the claim). *Tesoro* held that the inclusion of a release among the indemnity agreements in paragraph 14 of the standard IADC drilling contract did not destroy the mutuality of the indemnity agreements. *Id.* The court did not hold that each party's own indemnity obligation

extends to every item in paragraph 14, as Miramar argues.  *See* Miramar's Response [Doc. 19] ¶ 11. To the contrary, *Tesoro* recognizes that each party to the DDC assumes "sole responsibility" for different items of loss and "agree[s] to maintain insurance for the liabilities it assume[s] under the drilling contract, in the same kind and amount as the other party . . . ." *Tesoro Petroleum Corp.*, 106 S.W.3d at 122; *see also id.* at 130 (discussing respective, mutual indemnity and release provisions in DDC).  *Tesoro* does not stand for the nonsensical proposition that the parties agree to indemnify each other for every liability either assumes or that the indemnitee agrees to name the indemnitor as an additional insured on its policy for those liabilities the indemnitor assumed, which are covered by the indemnitor's own policy of insurance.

### B. The insurance requirements in the DDC are not ambiguous.

To the extent Miramar asserts that insurance procurement paragraph 13 of the DDC is ambiguous or required Nicklos to name Miramar as an additional insured for Miramar's own indemnity obligations, this construction is unreasonable.[1]  *See In re Deepwater Horizon*, No. 13-0670, --- S.W.3d ---, 2015 WL 674744, at *10 (Tex. Feb. 13, 2015) ("In construing the additional-insured provision, we give effect only to reasonable interpretations of the contract's terms.").  Liberty agrees with Miramar that the DDC is a standard form contract with indemnity provisions that have been shaped by industry groups and statutory mandates.  *See* Miramar's Response [Doc. 19] at 3-4. The mutual indemnity agreements of the DDC supported by reciprocal liability insurance coverage are designed to take advantage of the safe-harbor provision of the Texas

---

[1] Miramar has not pled or argued ambiguity in its Complaint or briefing on the motions for summary judgment.

**Defendant Liberty's Reply to Plaintiff Miramar's Response to**
**Liberty's Motion for Summary Judgment**                                                                 **Page 3 of 6**

Oilfield Anti–Indemnity Act ("TOAIA"), which otherwise prohibits many "agreements that provide for indemnification of a negligent indemnitee"[2] in oil drilling contracts. *See* Tex. Civ. Prac. & Rem. Code §§ 127.001-.005 (West 2015); *Tesoro Petroleum Corp.*, 106 S.W.3d at 129. The safe harbor restricts each party's indemnity obligation to the coverage and limits "each party as indemnitor has agreed to obtain for the benefit of the other party as indemnitee." Tex. Civ. Prac. & Rem. Code § 127.005(b). Because "a manifest purpose of an additional-insured clause is to provide supplemental protection when the additional insured may be sued for conduct within the [indemnitor] contractor's scope of risk," the only construction of the additional-insured clause "in harmony with the allocation of liabilities in the contract" is that Miramar is an additional insured for the liabilities Nicklos assumed in the DDC "and no others." *In re Deepwater Horizon*, 2015 WL 674744, at *11. Any other construction of the Policy and DDC is facially unreasonable because it would make Miramar an additional insured for all activities associated with the well and would expand additional-insured coverage "to a potentially unlimited number" of other parties Miramar agreed to cover through the "insured contract" provisions of the Policy. *See id.* at *4 n.11, 11-12.

### III.
### CONCLUSION AND PRAYER

Liberty's Policy provides additional insured coverage for Miramar only for the liabilities Nicklos assumed and agreed to indemnify in the DDC with Miramar. Because Miramar has the contractual duty to indemnify the losses Nicklos asserts, Liberty owes Miramar no duty of defense or indemnity as an additional insured for these claims.

---

[2] Tex. Civ. Prac. & Rem. Code § 127.002(b).

WHEREFORE, PREMISES CONSIDERED, Defendant First Liberty Insurance Corporation prays that the Court grant Liberty's motion for summary judgment, deny Plaintiff Miramar's cross-motion, render judgment that Miramar take nothing from Liberty, and award Liberty all other relief to which it is justly entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone:   (512) 472-7700
Facsimile:    (512) 472-0205

By:  */s/ Eric S. Peabody*
        Catherine L. Hanna
        State Bar No. 08918280
        Southern District ID No. 13577
        Email: channa@hannaplaut.com
        Eric S. Peabody
        State Bar No. 00789539
        Southern District ID No. 28229
        Email:  epeabody@hannaplaut.com

**ATTORNEYS FOR DEFENDANT THE FIRST LIBERTY INSURANCE CORPORATION**

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 13s , 2015, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1.  The notice of electronic filing generated by the ECT system constitutes service of the document on counsel who are registered users of the system.  Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

*<u>Via Facsimile:  (210) 338-8660</u>*
William M. Clanton
Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas  78216
*Attorney for Plaintiff*

*<u>Via Facsimile:  (713) 629-5027</u>*
Mark C. Clemer
Brown Sims PC
1177 West Loop South, 10th Floor
Houston, Texas  77027
*Attorneys for Commerce & Industry Insurance Company*

                */s/ Eric S. Peabody*
                Eric S. Peabody