United States District Court
Southern District of Texas
**ENTERED**
November 18, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MIRAMAR PETROLEUM, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. V-15-0028 |
| § | |
| THE FIRST LIBERTY INSURANCE § | |
| CORPORATION, *et al.*, § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion for Summary Judgment [Doc. # 15] filed by Plaintiff Miramar Petroleum, Inc. ("Miramar"), to which Defendant The First Liberty Insurance Corporation ("First Liberty") filed a Response [Doc. # 20], and Miramar filed a Reply [Doc. # 23]. Also pending is First Liberty's Motion for Summary Judgment [Doc. # 16], to which Miramar filed a Response [Doc. # 19], and First Liberty filed a Reply [Doc. # 22]. Having reviewed the full record and governing legal authorities, the Court **denies** Miramar's Motion and **grants** First Liberty's Motion.

### I.   BACKGROUND

The material facts of this case are undisputed. Miramar hired Nicklos Drilling Company ("Nicklos") and others to provide drilling operations for a new oil and gas well. The Daywork Drilling Contract (the "Drilling Contract") between Miramar and

Nicklos included a provision requiring Nicklos to maintain insurance covering "the liabilities specifically assumed by [Nicklos] in Paragraph 14 of this Contract" and providing further that "[Miramar] and [Nicklos] shall cause their respective underwriters to name the other additionally insured ***but only to the extend*** [sic] ***of the indemnification obligations assumed herein.***" *See* Drilling Contract, Exh. C to First Liberty's Motion, ¶ 13 (emphasis added).

In Paragraph 14 of the Drilling Contract, each party assumed certain liabilities and indemnification obligations. Nicklos assumed liability for its own surface equipment. *See id.*, ¶ 14.1. Miramar assumed liability for Nicklos's in-hole equipment, for its own equipment, and for damage to or loss of the well hole. *See id.*, ¶ 14.2; ¶ 14.4; ¶ 14.5. Miramar agreed to indemnify Nicklos for any claims relating to damage to or loss of the hole, for any claims relating to loss of any property right in or to oil, gas or other mineral substance that had not ben reduced to physical possession above the surface of the earth, and for any loss or damage to any formation, strata, or reservoir beneath the surface of the earth. *See id.*, ¶ 14.5; ¶ 14.6. Nicklos agreed to indemnify Miramar for any claims relating to Nicklos's own surface equipment, claims arising in favor of Nicklos's employees, or subcontractors or their employees, or Nicklos's invitees "on account of bodily injury, death or damage to property," and claims relating to pollution that originates above the surface from

sources wholly within Nicklos's possession and control and associated with Nicklos's equipment.  *See id.*, ¶ 14.1; ¶ 14.8; ¶ 14.11(a).

As required by the Drilling Contract, Nicklos obtained from First Liberty a Commercial General Liability insurance policy No. TB6-641-444068-023 (the "Policy") to Nicklos, effective March 1, 2013 to March 1, 2014.  The Policy contained a Blanket Additional Insured Endorsement ("Endorsement"), granting insured status to "any person or organization for whom [Nicklos had] agreed in writing to provide liability insurance."  *See* Endorsement, Exh. B to First Liberty's Motion.  The Endorsement stated further that it applied "only to coverage and minimum limits of insurance required by the written agreement."  *See id.*

In April 2013, while the Policy was in effect, the Miramar well experienced a "kick" or "blowout."  Miramar filed a lawsuit against Nicklos and the other entities participating in the drilling operation.[1]  Nicklos filed a counterclaim against Miramar for breach of contract/suit on sworn account based on Miramar's alleged failure to pay for Nicklos's services in the drilling operation, breach of contract for failure to provide contractual indemnification for the loss of Nicklos's drill string equipment that was lost in the well, and negligence for the loss of Nicklos's equipment.

---

[1]  *Miramar Petroleum, Inc. v. American Petroleum Drilling Fluids, Inc., et al.*, Cause No. 13-6-14449 in the 267th Judicial District Court for Jackson County, Texas.

Miramar tendered to First Liberty the defense of these counterclaims, claiming additional insured status under the Policy. First Liberty denied coverage, asserting that Miramar did not qualify as an additional insured under the Policy for purposes of the counterclaims asserted by Nicklos in the state court lawsuit. This coverage lawsuit followed.

Miramar and First Liberty filed cross-motions for summary judgment.[2] The motions have been fully briefed and are ripe for decision.

## II.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Where the movant bears the burden of proof at trial on the issues at hand, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v.*

---

[2]  Miramar in its Motion sought summary judgment against a second Defendant, Commerce & Industry Insurance Company ("C&I"), and C&I filed a Motion for Summary Judgment [Doc. # 14] on Miramar's claims. In its Response [Doc. # 19] to C&I's Motion for Summary Judgment, Miramar conceded that it had no claim against C&I. As a result, summary judgment in favor of C&I on Miramar's claims was granted by Order [Doc. # 24] entered November 16, 2015.

*Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

## III. ANALYSIS

The issue in this case is whether Miramar qualifies under the First Liberty Policy issued to Nicklos as an additional insured for purposes of the counterclaims asserted by Nicklos against Miramar in the state court lawsuit. The Supreme Court of Texas recently provided clear guidance for resolving this issue. *See In re Deepwater Horizon*, __ S.W.3d __, 2015 WL 674744 (Tex. Feb. 13, 2015).[3]

---

[3] Miramar relies on a 2002 decision of the Texas Court of Appeals, *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118 (Tex. App. -- Houston [1st Dist.] 2002, review denied). Although the *Tesoro* case involved the same Drilling Contract language at issue in the case at bar, the issue before the Texas Court of Appeals in *Tesoro* involved whether the Drilling Contract provided a release or indemnity. The Texas Court held that the Drilling Contract was an indemnification agreement that satisfied the mutual indemnity obligation for purposes of the Texas Oilfield Anti-Indemnity Act ("TOAIA") safe harbor provision. The *Tesoro* case did not involve, and the Appellate Court did not decide, the extent of additional insured status based on the Drilling Contract. That issue, as discussed herein, was decided by the Texas Supreme Court in *Deepwater Horizon.*

It is undisputed that Miramar is not a named Insured under the Policy, any endorsement, or any certificate of insurance, but First Liberty does not dispute that Miramar would be an additional insured under the Policy for indemnity obligations Nicklos assumed under the Drilling Contract. The dispute between the parties involves the extent of Miramar's additional insured status. The parties agree that the Drilling Contract applies to determine the extent to which Miramar is an additional insured under the Policy.

The Policy provides for additional insured status only to the extent required by a written agreement, in this case the Drilling Contract. Therefore, Miramar's status as an insured under the Policy "is inexorably linked . . . to the extent of [Nicklos's] indemnity obligations." *See id.* at *10. Based on the Texas Supreme Court's holding in *Deepwater Horizon*, Miramar "is an additional insured only as to liabilities assumed by [Nicklos] under the Drilling Contract and no others." *See id.* at *11. Stated differently, the scope of Nicklos's duty to indemnify governs the scope of its duty to provide insurance for Miramar. *See id.* at *12.

In the Drilling Contract, Nicklos assumed liability and agreed to indemnify Miramar for (1) Nicklos's own surface equipment, (2) claims arising in favor of its own employees, subcontractors, and invitees, and (3) pollution originating above the surface from sources wholly within Nicklos's possession and control and associated

with Nicklos's equipment.  None of the claims asserted by Nicklos against Miramar in the underlying state court lawsuit involve any of these three categories.  Because Nicklos did not assume indemnity obligations for any claims asserted against Miramar in the underlying lawsuit, Nicklos was not required to name Miramar as an additional insured as to those risks.  *See id.* at *11  "Because there is no obligation to provide insurance for [those risks]," Miramar lacks status as an additional insured under the Policy for the claims asserted against it by Nicklos in the state court lawsuit.[4]  *See id.*

Absent status as an insured, Miramar is not entitled to a defense or other coverage under the First Liberty Policy.  Similarly, absent status as an additional insured, Miramar's claims against First Liberty for breach of contract by failing to provide a defense and coverage in the underlying lawsuit and for violation of the prompt-payment requirement of the Texas Insurance Code must fail.  *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997); *Scottsdale Ins. Co. v. Sally Group, Inc.*, 2012 WL 1144577, *7 (S.D. Tex. Apr. 4, 2012) (Ellison, J.).  Therefore, Miramar's Motion for Summary Judgment will be denied and First Liberty's Motion for Summary Judgment will be granted.

---

[4]  Miramar argues that, as an additional insured under the Policy, there is coverage for the claims in the underlying lawsuit under the Underground Resources and Equipment Coverage Endorsement.  As discussed above, however, Miramar does not qualify as an additional insured under the Policy for purposes of the claims asserted against it in the state court lawsuit and, therefore, the Underground Resources and Equipment Coverage Endorsement does not provide a basis for the coverage Miramar seeks.

## IV.     CONCLUSION AND ORDER

In accordance with the holding by the Supreme Court of Texas in *Deepwater Horizon*, the Court concludes that Miramar is an additional insured under the Nicklos Policy only to the extent of the liabilities and indemnity obligations Nicklos assumed under the Drilling Contract. Nicklos's claims against Miramar in the underlying state court lawsuit are not within the categories of liabilities and indemnity obligations assumed by Nicklos in the Drilling Contract. As a result, Miramar is not an additional insured under the Policy, and it is hereby

**ORDERED** that Miramar's Motion for Summary Judgment [Doc. # 15] is **DENIED**, and it is further

**ORDERED** that First Liberty's Motion for Summary Judgment [Doc. # 16] is **GRANTED** and all claims against it are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this 18th day of **November, 2015**.

*[Signature]*
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE